**United States District Court for
the District of Columbia**

| | |
|---|---|
| Archibald Djabatey<br>1623 Montana Ave., N.E., #B1<br>Washington, DC 20018<br><br>    Plaintiff,<br>            v.<br><br>Hana Industries, Inc.<br>200 Park Ave Ste.106<br>Falls  Church, Virginia  22046<br><br><u>Serve</u>:<br>Brian J. H. Lederer, Esq.<br>Registered Agent<br>3003 Van Ness St. NW  Ste# W228<br>Washington DC  20008<br><br>        and<br><br>United Security and Police Officers<br>of America<br>1101 Pennsylvania Ave., NW Suite 600<br>Washington, DC 20004<br><br><u>Serve</u>:<br>Assane B. Faye, Managing Agent<br>1101 Pennsylvania Ave., NW Suite 600<br>Washington, DC 20004<br><br>    Defendants. | Case No.  2016-cv-1952 |

## COMPLAINT
### (Breach of Contract, Breach of the Duty of Fair Representation, and Wrongful Termination in Violation of Public Policy)

Plaintiff, Archibald L. Djabatey, for his complaint against Defendants, alleges:

1. This is an action for breach of the duty of fair representation by a labor organization,

termination in breach of collective bargaining agreement, and wrongful termination in violation

of public policy.

1

**Jurisdiction and Venue**

2. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §1337, based on claims arising under 29 U.S.C. §185, and/or 28 U.S.C. §1331 (federal question), and over state law claims pursuant to 28 U.S.C. §1367.  Venue is proper in this Court because all of the circumstances giving rise to the claims occurred within this district.

**Allegations Common to All Counts**

3. Plaintiff at all relevant times was an employee of Hana, Inc., until his termination on or about April 21, 2016.  Plaintiff was assigned to guard United States Federal Trade Commission, 600 Pennsylvania Ave., N.W., Washington, D.C. (the "site"), under a contract between Hana and the United States acting through the U.S. Federal Trade Commission ("FTC"), and/or U.S. Federal Protective Service ("FPS") and/or U.S. General Services Administration ("GSA").

4. Plaintiff is informed and believes, and based thereon alleges, that defendant Hana is a corporation organized under the laws of Hawaii, and authorized to do business in the District of Columbia.

5. Defendant United Security and Police Officers of America ("Union"), is a labor organization and the bargaining representative for Plaintiff and others employed by Hana at the site.

6. Union and Hana were parties to, and bound by the terms of, a Collective Bargaining Agreement ("CBA"), which, on information and belief, Hana assumed when it succeeded to the former contractor as employer of the unionized workforce at the site.

7. At all relevant times, Union had the duty to represent Plaintiff, including the duty of fair representation, pursuant to 29 U.S.C. §159, and other law, and the collective bargaining agreement, the constitution and by-laws of the Union, other undertakings and applicable custom and practice.

8. Officer Djabatey was a non-probationary employee of Hana.  Officer Djabatey was employed by Hana from the time Hana began performing under the security contract for FTC and FEC sites, as of October 1, 2015.  Officer Djabatey was employed at the FTC job site for approximately four years before Hana obtained the contract.  Officer Djabatey held the rank of sergeant.

9. Plaintiff is informed and believes, and based thereon alleges, that he was not classified as a supervisor or manager for purposes of representation by the Union, and thus was entitled to the full protection of the CBA, but that his rank entitled him to certain privileges of a supervisor, including the use of certain facilities of Hana and/or Hana's government client, including telecommunications equipment.

10. At all relevant times, Officer Djabatey was a shop steward for the Union.  In that role he performed various routine and non-routine functions necessary to Hana's employment of a unionized workforce at the site.

11. On or about March 24, 2016, Officer Djabatey, as shop steward, filed a charge of Unfair Labor Practice (ULP) against Hana, charging that Hana had changed certain terms and conditions of employment of bargaining unit members.  Officer Djabatey, in connection with these actions, and in addition, complained that Hana had violated basic labor laws, embodied in the CBA in part, by failing to pay wages when due.

12. Hana imposed discipline on Officer Djabatey almost immediately, charging dereliction of duty and unauthorized use of government property.  Specifically, Hana charged plaintiff with use of a government owned fax machine at the site to conduct "union business," and for not performing his job duties during the time it took to send a fax.

13. The charges against plaintiff were unfounded, and were a pretext for retaliation against him for performing the functions of union shop steward.  Hana's personnel are authorized

to use government telecommunications equipment in areas of the government premises in connection with their work; further, the amount of time necessary to send a fax is comparable to numerous other activities in which a security officer may legitimately engage, and could not constitute a dereliction of duties.

14. On or about April 14, 2016, Officer Djabatey filed an ULP charge against Hana relating to the concerted activities of another employee at the FTC site.  Officer Djabatey was officially off duty when he filed this charge.

15. Within one week of April 14, 2016, Hana terminated Officer Djabatey, charging dishonesty, violation of company policy, and violation of the CBA. These charges were unfounded, and were a pretext for retaliation against Officer Djabatey for engaging in union activities.

16. Officer Djabatey's termination was not for just cause as required by the CBA.  Prior to the second incident on or about April 14, 2016, even according to Hana's own record, Officer Djabatey had authorization to use the fax machine for purposes which were "work related," according to a summary of counseling prepared by Hana's representatives on or about April 7, 2016.

17. Plaintiff is informed and believes, and based thereon alleges, that defendant he was not conducting union business, as that term is understood in Hana's industry and labor relations, in either of the instances described in paragraphs 11 and 14, above.  Hana performs the contract at the site using a unionized workforce, and Hana's authority over its workforce, which is integral to Hana's business, is governed in significant respects by the CBA.  The relationship between the company and bargaining unit members is no less company business than its employee relations would be in the absence of a union.

18. Plaintiff is informed and believes, and based thereon alleges, that no representative of the federal government complained about his use of the fax machine, or took any other action to suggest that the use was against government policy or the agreement with Hana, or otherwise inappropriate.  Plaintiff is informed and believes, and based thereon alleges, further, that neither the FTC nor other relevant federal agency would take the position that a shop steward on a unionized federal work site was prohibited from using government owned telecommunications equipment to communicate about terms and conditions of employment at the site.

19. Plaintiff is informed and believes, and based thereon alleges, that Hana did not normally discipline other employees for engaging in personal communications while on duty, including the use of government owned telecommunications equipment.

20. Officer Djabatey grieved his termination, and on May 3, 2016, delivered to Hana's representatives a demand for arbitration following the Step 3 grievance meeting.  Over 10 days later, Officer Djabatey inquired of Hana whether it had any response to the demand, and Hana replied with a copy of an e-mail purporting to be a confirmation showing that Hana had responded on May 6, 2016.  Officer Djabatey never received the email.  There is no record of the email in his email inbox, spam folder, trash folder, or any other part of his email.  He had sent his demand to an official designated by Hana, but the purported response was sent by a different official, and further, was not addressed to Officer Djabatey or to Union president Assane Faye; rather, it was addressed to other Hana managers, and showed that copies were sent Officer Djabatey and Mr. Faye.  Officer Djabatey was waiting attentively for Hana's response, would not have ignored it under any circumstances.

21. Despite direct inquiry, plaintiff has been unable to determine whether Union president Assane Faye received the e-mail.

22. Plaintiff is informed and believes, and based thereon alleges, that Hana falsified the e-mail which appeared to be a response to the arbitration demand, and that Hana did not respond. At the least, Hana's purported response was not in compliance with the notice provisions of the CBA.

23. Hana also charged Officer Djabatey with dishonesty during an investigation of his fax machine use, because he answered "no" to a question put to him during the investigation.  The question, in fact, was whether he left papers on a fax machine, but as a ground for termination, Hana falsely documented that he denied having used the fax machine.  No reasonable person in Officer Djabatey's position would have denied having sent a fax that clearly identifies him as the sender, and at no time did Officer Djabatey deny sending a fax.

24. Employees of Hana covered by the CBA may not be terminated or disciplined without just cause.  Further, even if there had been misconduct in this case (which there was not), the CBA requires progressive discipline short of termination for an employee who made use of a government fax machine as Officer Djabatey did.

25. Plaintiff is informed and believes, and based thereon alleges, that his termination was in retaliation for complaining about a violation of federal law, specifically 29 U.S.C. §158, in addition to District of Columbia wage and hour laws.

26. Terminating Plaintiff for complaining about the violations alleged above is in violation of public policy, and actionable entirely apart from the CBA or the National Labor Relations Act ("NLRA").

27.  The Union was fully aware of Officer Djabatey's need for representation and failed to provide it at every stage, or to support Officer Djabatey's efforts, leaving him to represent himself, without resources or support of any kind, in the grievance process.

28. Plaintiff is informed and believes, and based thereon alleges, that Hana has waived any right it may have had to submit any of plaintiff's claims to arbitration, by refusing to acquiesce in the arbitration or other negotiated grievance process, and by acting (or omitting to act) in a manner prejudicial to Plaintiff's interests under the negotiated grievance process of the CBA.

## Count 1

### (Breach of Contract)

29.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 28 as though fully set forth here.

30.  Plaintiff, as a member of the bargaining unit, had an enforceable expectation that his employment would continue according to the terms of the CBA.

31.  By terminating Plaintiff, defendant Hana materially breached the CBA.

32.  Plaintiff has been proximately and foreseeably damaged by Hana's breach, in that he has sustained a loss of earnings in the amount of at least $30,000, and other damages, according to proof at trial.

## Count 2

### (Breach of Duty of Fair Representation)

33.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 28 as though fully set forth here.

34.  Plaintiff, as a member of the union and Union, had a right to fair representation by defendant Local, through its officials.  Included in this right was the right to have union and Local officials pursue his meritorious grievance with diligence.

35.  Plaintiff is informed and believes, and based thereon alleges, that, had the Local pursued his grievance with reasonable diligence as required by the duty of fair representation, his

termination would have been rescinded and he would have been reinstated, with back pay, by defendant Hana.

36.   As a proximate result of the Local's breach of the duty of fair representation, Plaintiff has sustained a loss of earnings in the amount of at least $30,000, and other damages, according to proof at trial, and has incurred reasonable attorneys' fees in the course of enforcing his rights under the CBA, and is entitled to recover such fees as damages in this action.

### Count 3

(Wrongful Termination)

37.   Plaintiff incorporates by reference the allegations of paragraphs 1 through 28 as though fully set forth here.

38.   Plaintiff is informed and believes, and based thereon alleges, that defendant Hana terminated him in violation of several clearly articulated public policies, including the rights of employees under 29 U.S.C. §158, rights of employees under Title 32, Ch. 13, Sub-Ch. 1 of the District of Columbia Code, and his insistence that defendant comply with such federal law and regulations enacted for the purpose of promoting the safety and welfare of federal personnel and facilities.

39.   Plaintiff's termination in violation of public policy was tortious, and was done with malice and/or reckless indifference to Plaintiff's rights and important public policies.

40.   Plaintiff has been proximately and foreseeably damaged by Hana's tortious firing, in that he has sustained a loss of earnings in the amount of at least $30,000, and has suffered emotional distress and financial hardship.

WHEREFORE, Plaintiff prays:

1.  For an injunction requiring that Defendant Hana reinstate Plaintiff to his position, without loss of seniority;

2.  For an injunction requiring that Defendant Hana prevent retaliation of the types to which Plaintiff has been subjected, and refrain from taking any adverse action against Plaintiff in relation to the foregoing claims;

3.  For an award of back pay and lost benefits, and for an award of future lost earnings and benefits equivalent to what Plaintiff would earn through the effective date of reinstatement, in the amount of at least $30,000, against Hana and the Union, according to proof at trial;

4.  For compensatory damages for emotional distress, pain and suffering, against Hana and the Union, according to proof at trial;

5.  For exemplary damages, for willful and malicious injury of Plaintiff, against Hana, according to proof at trial;

6.  For reasonable attorneys' fees, interest, and costs of suit, against Hana and the Union, according to proof; and,

7.  For such other relief as the Court deems just and proper.

Respectfully submitted,

Karr & Allison, P.C.

/ s /  *Theodore S. Allison*
Theodore S. Allison (D.C. Bar #441089)
Karr & Allison, P.C.
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C.  20036
Telephone (202) 331-7600

Attorneys for Plaintiff

### Demand for Jury Trial

Plaintiff respectfully requests a trial by jury on all claims stated herein which by law may be tried to a jury, pursuant to the Constitution and Statutes of the United States.

Karr & Allison, P.C.

 / s /  *Theodore S. Allison*
Theodore S. Allison (D.C. Bar #441089)
Karr & Allison, P.C.
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C.  20036
Telephone (202) 331-7600

Attorneys for Plaintiff